IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN ADAM TARKINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-1127-SLP |
| ) | |
| RANDY HARDING, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell, who issued a Report and Recommendation [Doc. No. 8]. Judge Mitchell recommends dismissing the Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C.A. § 2254 [Doc. No. 1] on the grounds that the Court lacks jurisdiction to consider Petitioner's challenge to an expired protective order from 2008 because he is not in custody for purposes of habeas corpus relief.

Petitioner filed an objection to the R. & R. [Doc. No. 9].[1] The Court, therefore, must make a de novo determination of the portions of the R. & R. to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In his Objection, Petitioner does not dispute Judge Mitchell's finding that Petitioner is not in

---

[1] Petitioner also filed a "Notice to the Court" [Doc. No. 10], which does not address the custody requirement discussed by the R. & R. and does not show that a lack of access to the law library impaired Petitioner's ability to file his Objection. Both the Objection and Notice were filed before Petitioner's objection deadline.

custody under the protective order he is challenging here, which expired in 2011. Petitioner simply recites the procedural history of his motions to vacate the protective order and asserts that the protective order was an effort "to manipulate the court system to gain leverage" in a state child custody case. The Court concurs with Judge Mitchell's analysis in the R. & R. and adopts the same.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 8] is ADOPTED and the Petition [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination regarding the failure to meet the custody requirement. The Court therefore denies a COA.

IT IS SO ORDERED this 3rd day of June, 2022.

                                                                      SCOTT L. PALK
                                                                      UNITED STATES DISTRICT JUDGE